UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

| Lisa M. Lawson, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| V. | ) | Case No.: 3:13-Cv-197-Plr |
| Commissioner of Social Security | ) | |
| *Defendant*. | ) | |

**MEMORANDUM AND OPINION**

This social security appeal is before the Court for consideration of the Plaintiff's objections, [Doc. 17], to the Report and Recommendation filed by United States Magistrate Judge H. Bruce Guyton. [Doc 16]. The Commissioner has responded in opposition to the Plaintiff's objections. [Doc. 18]. Magistrate Judge Guyton found that the Administrative Law Judge ("ALJ") properly reviewed and weighed the evidence to determine that the Plaintiff is capable of performing sedentary work with certain restrictions. Accordingly, Judge Guyton recommended that the Plaintiff's motion for summary judgment, [Doc 11], be denied, and the Commissioner's motion for summary judgment, [Doc 13], be granted.

Plaintiff's initial application for disability benefits and supplemental security income was filed on March 2, 2010 alleging disability since September 1, 2008 due to seizures. Plaintiff's application was denied initially and also upon reconsideration. Plaintiff then requested a hearing in front of ALJ James Dixon, in Knoxville, Tennessee. During the hearing in front of the ALJ, the Plaintiff amended her disability onset date to October 21, 2010. On February 29, 2012 the ALJ denied Plaintiff's claim for disability benefits. The Appeals Council affirmed the ALJ's

1

decision. Magistrate Judge H. Bruce Guyton then recommended that the Commissioner's Motion for Summary Judgment be granted. Plaintiff objected to that recommendation. Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b), Fed. R. Civ. P., the Court has undertaken a *de novo* review of the portions of the report and recommendation to which the Plaintiff objects. For the following reasons, the Plaintiff's objections will be overruled.

The ALJ found that the Plaintiff suffers from a seizure disorder. The ALJ however, found that the Plaintiff's impairment does not meet the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. After reviewing the record, the ALJ found that the Plaintiff "has the residual functional capacity to perform sedentary work" with limited restrictions. Specifically, he suggested that the Plaintiff avoid exposure to fumes, dust, odors, gases, and the operation of heavy machinery. The ALJ found, and Magistrate Judge Guyton affirmed, that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Accordingly, the Plaintiff's application for disability benefits was denied.

The Plaintiff objects to the ALJ's findings on several grounds. First, the Plaintiff suggests that both the ALJ and Magistrate Judge committed the same error when they failed to make a focused analysis of whether the Plaintiff's condition meets or equals the listed threshold for seizure disorders. Specifically, the Plaintiff suggests that the ALJ's failure to explicitly discuss whether the Plaintiff met or equaled the necessary listing is not harmless error as the Magistrate Judge's recommendation suggests. Further, the Plaintiff asserts that the ALJ's use of state agency doctor Kanika Chaudhuri's opinion was improper and that his opinion fails to take into consideration the amended onset date. The Plaintiff urges that these mistakes warrant a reversal of the ALJ's findings.

2

**A. The ALJ's analysis is sufficient to satisfy the third step in the disability determination.**

The Plaintiff argues that both the ALJ and Magistrate Judge committed reversible error when they failed to make a detailed analysis of whether her condition meets or equals the listed threshold for seizure disorder. When determining a disability claim, the party's impairment must "meet, medically equal, or functionally equal" an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." *M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp. 2d 846, 848 (E.D. Mich. 2012). The ALJ "need only minimally articulate h[is] reasoning." *Sorenson v. Astrue,* No. 10–C–0582, 2011 WL 1043362, at *9–11 (E.D.Wis. Mar. 18, 2011). This court is neither to review the evidence *de novo* nor is it to resolve conflicts in the evidence. *M.G.,* 861 F. Supp. 2d at 857. Rather, this Court is to review whether the ALJ's opinion and the Magistrate Judge's recommendation are supported by substantial evidence. *Id.* For the following reasons this Court has determined they are properly supported.

The ALJ's findings do not require a heightened articulation standard. The ALJ must make a five part determination of whether the claimant is disabled. 20 C.F.R. §404.1520(a). Significant here is part three of the determination that requires the ALJ to "determine whether the claimant's impairments meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Staggs v. Astrue,* 2:09-CV-00097, 2011 WL 3444014, at *3 (M.D. Tenn. Aug. 8, 2011). The ALJ's analysis is not required to be overly detailed or extensive. *Id*. The Sixth Circuit has rejected a heightened articulation standard noting "the ALJ is under no obligation to spell out 'every consideration that went into the step three determination' or 'the weight he gave each factor in his step three analysis,'" *Stagg,* 2011 WL 3444014, at *3 (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)). Further, the *Bledsoe* court "endorsed the practice of searching the ALJ's entire decision for statements

3

supporting his step three analysis," noting that it is not necessary to have a section devoted specifically to step three. *Staggs,* 2011 WL 3444014, at *3. Accordingly, this Court is free to examine all ALJ findings that support his step three analysis.

The ALJ's step three analysis is brief, but sufficient to meet the *Bledsoe* standard. The Plaintiff insists the ALJ and the Magistrate Judge, committed reversible error by failing to make a detailed analysis of whether the Plaintiff met or equaled the listed requirements for seizure disorder. Specifically, the Plaintiff contends the ALJ and Magistrate Judge failed to consider evidence after the Plaintiff's amended onset date. The Plaintiff contends the Magistrate's Report and Recommendation "simply dismisses objective fact, while focusing on substantial evidence from prior to the alleged onset date during a period that [she] admits to non-compliance with medication." Moreover, the Plaintiff contends the ALJ's simple statement that "[t]he claimant does not have a gravity of symptoms nor medical documentation in order to establish an impairment of listing level severity" is not sufficient to meet the necessary third step in the disability analysis. For the following reasons, the Plaintiff's contentions are not persuasive.

The ALJ's statements were supported by sufficient evidence. A conclusory statement only warrants remand if conflicts of evidence exist such that a "more thorough step-three analysis could have yielded a finding that the claimant's condition met or equaled a listed impairment." *Staggs,* 2011 WL 3444014, at *3. In the present case, a remand would only result in a procedural correction, as the evidence is not in conflict. After examining the ALJ's findings, there is sufficient evidence to support his statement that the Plaintiff failed to meet the listed severity level. Specifically, the listed criteria may only be met when the Plaintiff's symptoms persist despite prescribed medical treatment. 20 C.F.R. §404, Subpart P, App 1 (11.00). In the

4

present case, there is ample evidence, both before and after the Plaintiff's amended onset date, that the she has regularly failed to take her medication as prescribed.

Moreover, the Plaintiff carries the burden of proving she is disabled. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). To prove her disability the Plaintiff must present medical findings that satisfy the listed criteria for section 11.02—epilepsy. *Id.* The criteria listed in section 11.02 can only be met following prescribed antiepileptic treatment. 20 C.F.R. §404, Subpart P, App 1 (11.00)(A). Therefore, "[w]here documentation shows the use of alcohol or drugs affects adherence to prescribed therapy or may play a part in the prescription of seizures, this must also be considered in the overall assessment of impairment level." *Id.* Thus, the Plaintiff has the burden of proving that not only did she meet the 11.02 epilepsy requirements, but that she did so while adhering to her prescribed antiepileptic treatment. Further, the court may consider the Plaintiff's history of alcohol abuse and her continued alcohol usage as a factor in determining her eligibility for disability benefits.

The Plaintiff has numerous documented occurrences of non-compliance. Beginning in January 2009 the Plaintiff's doctor noted that she was not taking the medication as prescribed and strongly urged her not to self-adjust. [TR. 196]. A follow up visit with that same doctor in April 2009 revealed that the Plaintiff "has repeatedly been asked to use medication as prescribed, but continues to do them AD LIB or P.R.N. at her discretion." [TR. 193]. Moreover, in June 2010, despite reporting that the Plaintiff had been compliant, pharmacy records revealed that her prescription had not been refilled in over two months. [TR. 323]. Finally, despite the Plaintiff's contention that her non-compliance occurred prior to her amended onset date of October 21, 2010, her treatment notes from May 2011 indicate that she was once again noncompliant. [TR. 345].

5

Furthermore, the Plaintiff's continued usage of alcohol has played a role in the aggravation of her symptoms. On June 6, 2010 the Plaintiff's primary care physician noted his concern that the Plaintiff may have an alcohol abuse problem. [Tr. 322]. The following month, the Plaintiff's treatment notes indicate her seizures were aggravated in part by alcohol withdrawal. [Tr. 324]. In fact, there are numerous treatment notes indicating that alcohol has been a major factor in the Plaintiff's problem. *See* [Tr. 324, 345, 348, 352]. Finally, in February 2011 the Plaintiff stated she had been sober for four months. [Tr. 356]. The Plaintiff's husband directly contradicted her statement when he testified to the ALJ that the Plaintiff has four to five alcoholic drinks per week. [Tr. 49]. The Sixth Circuit, quoting 42 U.S.C.A. § 423(d)(2)(C), has held that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 440 (6th Cir. 2011). Accordingly, there is sufficient evidence within the record to support the ALJ's finding, as well as the Magistrate Judge's Report and Recommendation that the Plaintiff failed to meet or equal the necessary third-step listing for disability benefits.

**B. The use of state agency doctor Kanika Chaudhuri's testimony was proper.**

The Plaintiff contends the ALJ's use of state agency doctor Kanika Chaudhuri's opinion was improper, and his opinion fails to take into consideration her amended onset date. The ALJ must determine how much weight to give to a treating or non-treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). "The less consistent an opinion is with the record, the less weight it will be given." *Id.* Moreover, "[a]n ALJ may properly accord little weight to a[n] . . . opinion when it is inconsistent with the evidence as a whole." 20 C.F.R. §§ 404.1527(d)(4),

6

Case 3:13-cv-00197-PLR-HBG   Document 20   Filed 07/22/14   Page 6 of 8   PageID #: 513

416.927(d)(4). In the instant case, the ALJ gave the proper weight to Dr. Chaudhuri's opinion as his testimony was supported by a substantial amount of evidence.

Dr. Chaudhuri's opinion questioned the Plaintiff's credibility regarding the frequency and severity of her seizures. Specifically, he noted that the Plaintiff's history of noncompliance with her medication may have exacerbated her condition. [Tr. 314]. Dr. Chaudhuri's opinion is supported by significant evidence, as the Plaintiff's record indicates numerous periods of noncompliance which have been shown to intensify her symptoms. *See* [Tr. 193, 194, 196, 199, 323 and 345]. Moreover, Dr. Chaudhuri noted that when the Plaintiff is compliant with her medication her seizures "are well controlled." *See* [Tr. 195, 303, 306, 345, and 348].

Finally, the Plaintiff contends Dr. Chaudhuri's testimony is not credible, as his opinion was completed five months prior to the Plaintiff's amended onset date. This argument is not compelling as there is ample evidence showing the Plaintiff was noncompliant following her amended onset date. *See* [Tr. 345]. Moreover, Dr. Chaudhuri's opinion was only assigned some weight and was not the only factor in denying the Plaintiff Social Security benefits. [Tr. 18]. Based on a totality of the evidence there is ample support for the ALJ's opinion. Any remand would be merely a "formalistic matter of procedure" and not necessary. *Reynolds v. Comm'r of Soc. Sec.*, 424 F.App'x 411, 416 (6th Cir. 2011).

After a careful review of the record and the parties' pleadings, this court is in agreement with the Magistrate Judge's recommendation that the Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. §636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation,

7

which the court adopts and incorporates into its ruling, that the Plaintiff's motion for summary judgment, [Doc. 11], is **DENIED**; the Defendant Commissioner's motion for summary judgment, [Doc. 13], is **GRANTED**; the Defendant Commissioner's decision in this case denying the Plaintiff's application for benefits under Social Security Act is **AFFIRMED;** and this case is **DISMISSED.**

_____
**UNITED STATES DISTRICT JUDGE**

8

Case 3:13-cv-00197-PLR-HBG   Document 20   Filed 07/22/14   Page 8 of 8   PageID #: 515